IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ALFONSO ALVEREZ BANDA, )
)
Petitioner, )
)
v. ) CV 113-070
) (Formerly CR 109-133)
UNITED STATES OF AMERICA, )
)
Respondent. )

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which objections have been filed (doc. no. 14).

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate

Judge as its opinion, and therefore **DENIES** without an evidentiary hearing Petitioner's

motion filed pursuant to 28 U.S.C. § 2255.[1]

Further, a federal prisoner must obtain a certificate of appealability ("COA")

before appealing the denial of his motion to vacate. This Court "must issue or deny a

---

[1]Petitioner's request for appointment of counsel in his objections is likewise **DENIED**.
(Doc. no. 14, p. 4.) There is no automatic constitutional right to counsel in habeas proceedings.
See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); U.S. v. Webb, 565 F.3d 789, 794 (11th
Cir. 2009) (*per curiam*) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)). Rather,
appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]"
McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*). In light of the Magistrate
Judge's thorough analysis and recommendation that the § 2255 motion be denied, a
recommendation which is adopted herein as the opinion of the Court, there are no exceptional
circumstances warranting the requested appointment.

certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this _9th_ day of July, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.